(Reap. Dec. 9779)

S. S. Kresge Co. *v.* United States

Entry No. 744999, etc.

(Decided August 31, 1960)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

Ford, Judge: The four appeals for reappraisement enumerated in schedule "A," attached to and forming part of the decision herein, as well as the above-numbered appeal were consolidated for hearing and determination.

Counsel for plaintiff, in its memorandum filed in support of its position herein, abandoned all of the appeals for reappraisement except reappraisement 269005–A, in view of the decision in *Valley Knitting Co., Inc., et al.* v. *United States,* 44 Cust. Ct. 599, Reap. Dec. 9627.

The above-numbered appeal for reappraisement involves embroidered rayon quilted packets exported from Japan during 1955. The merchandise was invoiced and entered on the basis of its export values and unit prices, packed, ex-factory, and was appraised at the invoice unit prices plus 5% packed. While the basis of appraisement is not shown by the official papers, both parties are in apparent agreement, as expressed in their separate findings of fact submitted to the court, that export value, as defined in section 402(d) of the Tariff Act of 1930, properly applies. Accordingly, the issue before me is whether the item described on the invoice as "buying commission 5% on ex-factory value" is properly part of the dutiable value.

When this matter was called for trial, an affidavit of Mr. S. Yamada, president of Kyowa Sangyo Boeki Co., Ltd., was received in evidence as plaintiff's exhibit 1. The case was then continued in order to permit counsel to comply with notice to produce certain documents. Subsequently, counsel for plaintiff introduced documents relating to reappraisement 268999–A which was received in evidence as plaintiff's collective exhibit 2. Since reappraisement 268999–A was subsequently abandoned by plaintiff in its memorandum, we shall not consider exhibit 2.

Plaintiff's exhibit 1 in effect states that Kyowa Sangyo Boeki Co., Ltd., was employed as buying agent for S. S. Kresge Co. in Detroit from 1950 until date. The affiant, president of said company, states

that he is thoroughly familiar with the prices at which manufacturers were offering merchandise which he purchased on behalf of S. S. Kresge Co. and that he has purchased slipper socks, wool gloves, and rayon scarves for S. S. Kresge Co. from Kogure Sangyo, Meyake Meriyasu, Sanyo Meriyasu, Sanyo Sangyo, and Toyo Silk Co.

An examination of the official papers and particularly the consular invoice, which were received in evidence, indicates that the seller was Sanyo Sangyo Co., Ltd., and the shipper Kyowa Sangyo Boeki Co., Ltd. Since Sanyo Sangyo Co., Ltd., is one of those manufacturers listed in plaintiff's exhibit 1, it would appear that exhibit 1 would be pertinent herein. However, the merchandise involved herein consists of embroidered rayon quilted jackets which is not one of the articles which affiant stated he purchased on behalf of plaintiff herein. It may well be true that Kyowa Sangyo Boeki Co., Ltd., was the buying agent for plaintiff with respect to the items enumerated in exhibit 1. However, there is no evidence that this is the fact for the merchandise under consideration. Said company may well have sold for his own account or be a selling agent for the commodity of rayon jackets. This court cannot decide a case upon conjecture but only on the facts of record.

Accordingly, plaintiff has failed to overcome the presumption of correctness attaching to the appraised value herein (28 U.S.C. § 2633).

Upon the record before me, I find:

1. That the merchandise involved consists of embroidered rayon quilted jackets exported from Japan on or about July 30, 1955;

2. That the merchandise involved was appraised on the basis of export value (section 402(d) of the Tariff Act of 1930);

3. There is no competent evidence to establish that the shipper herein acted as buying commissioner for the embroidered rayon quilted jackets involved herein;

4. That the appeals for reappraisement enumerated in schedule "A," annexed to this decision, have been abandoned.

The court, therefore, concludes that:

1. The statutory presumption of correctness attaching to the appraiser's return of values for the merchandise covered by this appeal for reappraisement has not been overcome.

2. The proper basis for appraisement of the merchandise involved herein is export value, as that value is defined in section 402(d) of the Tariff Act of 1930, and that such statutory values are as found by the appraiser.

3. The appeals for reappraisement enumerated in schedule "A," attached to this decision, are dismissed.

Judgment will be rendered accordingly.